**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

RODERICK L. HYMON,

            Plaintiff,

    v.

CARROL DOE, et al.,

            Defendants.

Case No. 2:23-cv-1765-JAD-BNW

**SCREENING ORDER and
REPORT AND RECOMMENDATION**

      Plaintiff brings this civil-rights case under 42 U.S.C. § 1983 based on a break-in at his apartment. Plaintiff moves to proceed *in forma pauperis*. ECF No. 1. He has shown an inability to prepay fees and costs or give security for them by submitting (1) the declaration required by 28 U.S.C. § 1915(a)(1) and (2) the trust fund account statement required by 28 U.S.C. § 1915(a)(2). *Id*. His request to proceed *in forma pauperis* will, therefore, be granted.

      The Court now screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A.

I.       **ANALYSIS**

     **A. Screening standard for pro se prisoner claims**

      Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief

may be granted." 28 U.S.C. § 1915(e)(2); *accord* FED. R. CIV. PRO. 12(b)(6). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.  Screening the amended complaint**

Plaintiff alleges violations of the Fifth, Eighth, and Fourteenth Amendments. The Complaint is difficult to understand but appears to be based on an incident in which several listed Defendants broke into Plaintiff's apartment. He alleges he was robbed and physically injured. He also alleges the police refused to investigate the incident.

Plaintiff lists the following Defendants: Carrol Doe ("manager/ landlord"), Theresa Williams ("thief/snitch"), Varnell Doe ("thief/snitch"), Bobby Jones ("thief"), and Sheriff Kevin

McMahill. He also explains that John Does 1-4 are police officers (although these Defendants are not listed in the caption of his complaint).

### i.    Private parties

Generally, private parties or private businesses are not acting under the color of state law for § 1983 purposes. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 899-00 (9th Cir. 2008). To state a claim against a private party under § 1983, a plaintiff must allege the private party "is a willful participant in joint action with the State or its agents." *Id*. at 900 (quotation omitted). A private party's conduct "constitutes state action when there is a such a close nexus between the State and the challenged action that the individual's conduct may be fairly treated as that of the State itself." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1150 (9th Cir. 2011) (quotation omitted). For instance, a private party's actions may constitute state action if the private party is controlled by a state agency, delegated a public function by the state, involved with governmental policies, or if the state manages or controls the private party. *Id.* A bare allegation of joint action is insufficient to state a claim against a private party under § 1983. *Dietrich*, 548 F.3d at 900.

Here, Plaintiff brings § 1983 claims against Carrol Doe, Theresa Williams, Varnell Doe, and Bobby Jones. These are all private parties. Plaintiff does not allege that these defendants are in joint action with the state, that they were delegated a public function by the state, that they are involved in governmental policy, or that they are otherwise managed or controlled by the state. The court therefore finds that Plaintiff fails to state a claim against these defendants under § 1983 and will dismiss his complaint, with leave to amend.

### ii.    Defendant Kevin McMahill and Doe Defendants

It appears Plaintiff named Defendant Kevin McMahill as a Defendant (as well as the other Doe Defendants listed as police officers) based on the allegation that the police failed to investigate this break-in and that this constitutes a violation of his Fifth, Eighth, and Fourteenth Amendments. But "[t]here is ... no constitutional right to an investigation by government officials." *Stone v. Department of Investigation of New York*, 1992 WL 25202 (S.D.N.Y. Feb. 4, 1992); *see also Chapman v. Musich*, 726 F.2d 405 (8th Cir. 1984). There is "no instance where

the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). Thus, the Court finds that in the instant matter, Plaintiff's allegations—that Sheriff McMahill was under an obligation to investigate his grievances—fail to state a cognizable claim.

## II.     INSTRUCTIONS FOR AMENDMENT

If Plaintiff chooses to file a second amended complaint, he is advised that he must explain how the Defendants who are private citizens can be sued under a 42 USC § 1983 claim. In addition, he must explain whether there is another basis (other than the failure to investigate) to sue Sheriff McMahill and the Doe Defendants who are police officers. To the extent there are other claims that this Court did not account for, Plaintiff must clearly explain the basis for those claims and which Defendants are responsible for each claim.

Plaintiff is further advised that if he files a second amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, if he files a second amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make his first amended complaint complete.

## III.     CONCLUSION

Based on the forgoing,

**IT IS ORDERED** that Plaintiff's Complaint will be dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that the clerk of court must detach and file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the deadline to file an amended complaint will be December 9, 2023. Failure to file an amended complaint may result in the dismissal of this action.

**IT IS RECOMMENDED** that:

- the portion of Plaintiff's claims alleging violations of the Fifth, Eighth, and

Fourteenth Amendment based on the failure to investigate the break-in be dismissed, without leave to amend, as amendment would be futile.

**IV.    NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).


DATED: November 9, 2023


BRENDA WEKSLER.
UNITED STATES MAGISTRATE JUDGE