UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Roderick L. Hymon,

    Plaintiff

v.

Carrol Doe, et al.,

    Defendants

Case No.: 2:23-cv-1765-JAD-BNW

**Order Addressing Untimely Objection and Extending Deadline to File Amended Complaint**

[ECF Nos. 3, 11]

    Pro se plaintiff Roderick L. Hymon filed this § 1983 action against various private-citizen defendants for allegedly breaking into his apartment, robbing him, and causing him physical harm. He also alleges that the police refused to investigate the incident.[1] The magistrate judge screened Hymon's complaint and found that his claim cannot proceed against the private citizens who robbed him because § 1983 claims can only be brought against state actors.[2] She also determined that Hymon's cause of action against the police officer for failing to investigate doesn't state a cognizable claim. So she dismissed Hymon's complaint without prejudice and gave him 30 days to file an amended complaint for those claims that were capable of amendment. But because any amendment to Hymon's claim against the police officer would be futile, she recommended that it be dismissed with prejudice.[3] Hymon appealed the magistrate judge's order[4] and did not file an amended complaint by the deadline. And because he did not

---

[1] ECF No. 3 at 2 (citing ECF No. 1-1).

[2] *Id.* at 3.

[3] *Id.* at 3–4.

[4] The Ninth Circuit dismissed Hymon's appeal because the order challenged wasn't final. ECF No. 10.

object to the magistrate judge's report and recommendation, so I adopted it in its entirety and again directed Hymon to file an amended complaint if he wished to pursue his claims.[5]

On December 21, 2023, Hymon filed a one-paragraph objection to the magistrate judge's order and report and recommendation."[6] He states that he objects "especially where I stated the police refuse to assist me." He also claims that he didn't receive the report and recommendation until December 15, 2023.[7] I overrule Hymon's objections and give him one more chance to file an amended complaint if he can correct the deficiencies identified in the magistrate judge's order.

A district judge may designate a magistrate judge "to hear and determine any pretrial matter pending before the court" (like a request for court-appointed counsel) or to recommend how the district judge should rule on a dispositive issue (like dismissal).[8] When a litigant challenges a magistrate judge's ruling on a non-dispositive matter, the district judge may reconsider that ruling "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[9] This standard of review "is significantly deferential" to a magistrate judge's determination[10] and requires "a definite and firm conviction that a mistake [of fact] has been committed"[11] or a relevant statute, law, or rule has been omitted or misapplied.[12]

---

[5] ECF No. 9.

[6] ECF No. 11.

[7] *Id.*

[8] 28 U.S.C. § 636 (b)(1); Local Rule (L.R.) IB 3-1.

[9] L.R. IB 3-1(a).

[10] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

[11] *Id.* (internal quotation marks omitted).

[12] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

When a litigant objects to a magistrate judge's report and recommendation on a dispositive issue, the district judge's review is instead de novo.[13]

Objections to report and recommendations are due 14 days after the order is served.[14] Hymon's objection was filed almost a month late. I am skeptical of his claim that he didn't receive the report and recommendation until December 15, 2023, since he filed an appeal of the order on November 22, 2023.[15] But in the interest of being thorough, I consider his untimely objection.

Hymon's one-paragraph filing does not identify any findings by the magistrate judge that he contends are mistaken, erroneous, or contrary to law. He merely states that he "especially" objects to some portion of the recommendation "where I stated the police refuse to assist me."[16] Hymon's statement doesn't direct me to the portion of the recommendation that he claims is erroneous, nor does it explain *why* he believes it is erroneous. So I overrule his objections.

**Conclusion**

IT IS THEREFORE ORDERED that Roderick Hymon's objection to and appeal of the magistrate judge's order and report and recommendation dismissing his complaint with leave to amend **[ECF No. 11] is OVERRULED**. Hymon must file an amended complaint curing the deficiencies identified in the magistrate judge's order by **March 22, 2024**. **The failure to file an amended complaint may result in the dismissal of this case without further notice**.

_____
U.S. District Judge Jennifer A. Dorsey
February 21, 2024

---

[13] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); L.R. IB 3-2(b).
[14] L.R. IB 3-1(a).
[15] *See* ECF No. 5.
[16] ECF No. 11.