# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Roderick L. Hymon,

    Plaintiff

v.

Carrol Doe, et al.,

    Defendants

Case No. 2:23-cv-001765-JAD-BNW

**Order Dismissing Action**

ECF No. 18

Plaintiff Roderick L. Hymon brings this civil-rights action based on a break-in at his apartment. On November 9, 2023, the magistrate judge screened Hymon's complaint and recommended that it be dismissed with leave to amend.[1] I adopted that report and recommendation and ultimately gave Hymon until March 22, 2024, to file his amended complaint.[2] When Hymon failed to file an amended complaint by, or seek an extension of, that deadline, the magistrate judge filed a report and recommendation advising that this action should be dismissed.[3] The deadline to object to that report and recommendation passed with no filing from Hymon.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action based on a party's failure to obey a court order or to comply with

---

[1] ECF No. 3.

[2] ECF Nos. 9, 15.

[3] ECF No. 18.

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

local rules.[5]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[8]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[9]  Because this action cannot realistically proceed without an operable complaint, the only alternative is to enter yet another order setting another

---

[5] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint).

[6] *Thompson*, 782 F.2d at 831.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[9] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

deadline.  But the likelihood that the plaintiff would comply with that deadline when he's already missed this extended one is low.  Hymon has also failed to update his address despite being ordered to do so by April 5, 2024.[10]  Setting another deadline is thus not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

Accordingly, IT IS HEREBY ORDERED that the report and recommendation **[ECF No. 18] is adopted and this action is DISMISSED** without prejudice.  The Clerk of Court is directed **ENTER JUDGMENT accordingly and to CLOSE THIS CASE**.  *In forma pauperis* status should not continue on appeal.

_____
U.S. District Judge Jennifer A. Dorsey
April 29, 2024

---

[10] ECF No. 17.